### BENJAMIN BURTON *vs.* JOSHUA WHARTON.

Money paid towards an unexecuted contract may be recovered back in the action of assumpsit, without a tender of the balance, if the other party has rescinded the contract, or put it out of his power to comply.

The acknowledgment of a subsisting demand will take a case out of the act of limitation, without an express promise to pay.

SUSSEX.   October term, 1845.   This was an action of assumpsit to recover back money paid on a contract relating to lands which the defendant failed to execute.   The declaration had the common counts.   The pleas were non assumpsit and limitation.  ·

    The plaintiff gave in evidence the defendant's receipt, dated July 29th, 1839, for $58, on account of the purchase of certain lands, &c., which he promised to convey on the payment of $150 more.   He also proved that the defendant within three years had said, that "he was willing to pay Burton the $58, without interest; and that the only matter in dispute was the interest."   He refused to make the deed.

    The land contracted for was an undivided interest, which was subsequently valued and accepted in chancery by another owner; so that it was out of defendants power to execute his contract by a conveyance to plaintiff.   On this point the plaintiff rested.

    *Cullen,* for plaintiff, moved a nonsuit.—1st. This is an action brought to recover back the sum of $58, paid on a contract for the sale of land; and the contract proved is to make the deed on payment of $150 more.   The defendant was not bound to give a deed until the money was paid, and the plaintiff cannot recover as for non-performance of the contract until he has tendered the money and demanded a deed.   An action will not lie for the recovery back of a deposit of purchase money on a contract for the purchase of land, before tender of the balance, and demand of the deed.   (20 *Johns. Rep.* 24, 15; 2 *Ibid* 207; 13 *Ibid* 359).   The payment of the $150 in this case was a condition precedent, and the plaintiff has no right

to bring suit for the deposit without actual payment and demand of a deed. And it makes no difference if the lands were afterwards sold to another person. (20 *Johns. Rep.* 130; 6 *Cowen Rep.* 1.) The purchaser can never bring suit in disaffirmance of the contract unless he shows that he has done all in his power to perform it. (7 *Cowen Rep.* 53; 9 *Ibid* 46; *Chit. Cont.* 307-8)

2d. The proof is not sufficient to take the case out of the act of limitation. The acknowledgment for that purpose must be a distinct acknowledgment of the debt, and of the defendant's liability to pay it. (3 *Wend. Rep.* 532, 187; 11 *Johns. Rep.* 146; *Ang. on Lim.* 247; 1 *Harr. Rep.* 204; 3 *Ibid* 528.)

*Layton,* contra.—Our courts have not followed the late English decisions on the act of limitation, which are founded on recent statutes. Such an acknowledgment as is proved here, has been held sufficient to take the case out of the statute. And again; the receipt of defendant is an acknowledgment under the hand of the party of a subsisting demand; and as such, is not barred under six years. (3 *Harr. Rep.* 528; *Ros. Civ. Ev.* 258; 2 *Saund. Pl. & Ev.* 647.)

2d. If the suit were for a violation of the contract, in not making a deed, there would be reason in requiring the plaintiff to show a payment, or readiness to pay the balance of the purchase money. But where it appears that the vendor has rescinded the contract, the vendee may sue for the deposit without further payment or performance on his part. It is expressly proved: 1st. That before bringing this action the defendant said he could not comply with the contract and would not give the deed. 2d. That his interest in the lands which he contracted to sell to plaintiff was divested by a decree in chancery, and it is no longer in his power to comply with his contract. The law cannot require such a vain thing as the demanding a deed of a man who has no power to make one; nor the dangerous experiment of paying $150 to an insolvent man, to get a right of action for $58. (*Archb. N. P.* 174, 184; *Chit. Cont.* 307.)

*Cullen* replied.

*By the Court.*—The principles of law which govern this case are not doubtful. It is true that a vendee of land having paid a deposit cannot put an end to the contract, and sue for the deposit, while the other party is ready and willing to go on with the contract. Nor in any case while the contract is unrescinded, and the other party ready to comply, can a suit be maintained for the deposit, nor for damages, without showing that he has done all that was required of

him. But where the vendor has rescinded the contract, (and his positive refusal to comply is evidence of the rescinding the contract) the vendee may also treat the contract as rescinded, and sue for the deposit, without doing any thing further. So where the vendor has absolutely put it out of his power to comply with the contract, this is evidence of a rescinding of the contract, and the vendee may sue for the deposit. (*Ros. Civ. Ev.* 139-40-41-42.)

This is an action of assumpsit for money had and received, and not a special action on the agreement to purchase the land. The principle of this action is, that it is not according to equity and good conscience that the defendant shall retain the money. And is it conscionable that a man shall receive part payment for land which he contracts to sell, and then not only refuse to make the deed, but sell the land to another, and receive the purchase money, and then refuse to pay back the deposit?

As to the act of limitation we shall leave it to the jury to say whether there is proved an acknowledgment by the defendant of a subsisting demand; and if they shall think so, it is evidence of a promise, and takes the case out of the act of limitation.

Nonsuit refused; and the case submitted to the jury.

Verdict for plaintiff.

*Layton,* for plaintiff.
*Cullen,* for defendant.